IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLIFTON McNEIL BROOKS SR.,

    Plaintiff,

v.                                    CASE NO. 1:18-cv-43-MW-GRJ

J.C. HILL and ERIK LANCASTER,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    Pending before the Court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants J.C. Hill and Erik Lancaster. ECF No. 28. As grounds for dismissal, Defendants contend that Plaintiff failed to exhaust administrative remedies regarding his claims prior to filing suit. Plaintiff has filed responses in opposition to the motion. ECF Nos. 30 and 31. For the reasons discussed below, the undersigned recommends that Defendants' motion to dismiss be granted.

## **I. BACKGROUND**

    Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC"), is proceeding *pro se* pursuant to 42 U.S.C. § 1983. ECF No. 1 ("Complaint"). Plaintiff alleges that Defendants violated his Sixth Amendment right of access to court by interfering with a habeas corpus case

pending in state court and used excessive force against him.  Specifically, Plaintiff alleges that Defendant Hill, a prison librarian at Mayo CI, failed to assist Plaintiff in a timely manner in responding to Plaintiff's state court filing deadlines. ECF No. 1 at 5-6.  Plaintiff claims Hill, acting at the direction of an unnamed individual in Tallahassee, actively prevented Plaintiff from obtaining copies of legal paperwork.  Plaintiff states this was done to ensure Plaintiff would not meet court-imposed deadlines.  Plaintiff alleges that he was told by another inmate that Hill instructed the inmate to lie about the law library being out of printer ink.  On June 27, 2018, Plaintiff went to the law library and Hill refused to make copies.  An argument ensued which ultimately resulted in Hill deploying his panic button for assistance. Defendant Lancaster arrived and cuffed Plaintiff behind Plaintiff's back. Plaintiff alleges that other officers arrived and used force against Plaintiff while Lancaster shouted racial slurs into Plaintiff's ear.  *Id.*  Plaintiff seeks compensatory and punitive damages, and other relief.  *Id.*

Defendants' motion to dismiss asserts that Plaintiff failed to exhaust prison administrative remedies with respect to any of his claims.  Although the complaint focuses primarily on the alleged denial of access to court, to the extent that Plaintiff also alleges a claim for excessive force or retaliation, Defendants contend that Plaintiff failed to exhaust such claims.  ECF No. 28.

## II. DISCUSSION

### A.  *PLRA Exhaustion Requirement*

Under § 1997e(a) of the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a); *see also Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *Jones v. Bock*, 549 U.S. 199, 211 (2002). The requirement to exhaust "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a

prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024–25 (7th Cir. 2002)).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008.) Accordingly, "[a] district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009).

Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *Whatley v. Warden*, 802 F.3d 1205, 1211–12 (11th Cir. 2015) (at first *Turner* step, district court must accept plaintiff's facts as true "and make the

exhaustion determination on [plaintiff's] view of facts;" appellate review of results of first step is *de novo*). If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *Whatley*, 802 F.3d at 1213 (defendants' contention that plaintiff's exhibits were fabricated created a factual dispute that required explicit findings under the second *Turner* step; such findings are subject to review on appeal for clear error).

### B.   *FDOC's Inmate Grievance Process*

In Florida, the procedural rules an inmate must follow in order to properly exhaust administrative remedies are promulgated by the Florida Department of Corrections and contained the Florida Administrative Code. See Fla. Admin. Code Chapter 33-103 ("Inmate Grievances").

To properly grieve an issue, an inmate must file a written informal grievance using Form DC6-236, (Rule 33–103.005). If the inmate is dissatisfied with the result of the informal grievance, he must next file a written formal grievance with the Warden's office using Form DC1-303, (Rule 33–103.006). Finally, if the inmate feels that the grievance has still not been satisfactorily resolved, he must submit a written appeal to the State Office of the Secretary ("Central Office") using Form DC1-303. (Rule 33–103.007).

*See e.g. Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010). (Rules 33-103.005, 33-103.006, and 33-103.007).

An inmate may not initiate a grievance directly with the Office of the Secretary except in cases of emergencies, reprisals, HIPAA violations, and other limited situations defined by Rule 33.103.007(6). In such cases, the direct grievance "shall state . . . that the grievance concerns either an emergency or is a grievance of a reprisal . . . [or] HIPAA" and "must clearly state the reason for . . . by-passing the informal and formal grievance steps of the institution or facility[.]" *Id.*

The rules also establish strict time frames for inmates to file grievances. Pursuant to Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of the when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either: (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)). Direct grievances to the Central Office must also be received within 15 days from the date on which the incident or action being grieved occurred. (*See* Rule 33-103.011(1)(d)).

Grievance appeals to the Office of the Secretary "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Rule 33-103.011(1)(c). To eliminate issues with mailing, the rules make provisions for appeals to the Secretary to be receipted locally at the institution/facility. *See* Rule 33-103.006(8).

### C. *Defendants' Evidence and Analysis*

As support for the motion, Defendants submit the declaration of Lawanda Sanders Williams, an FDOC Operations Analyst in the Bureau of Policy Management and Inmate Appeals. ECF No. 28-1 at 1-3. The Bureau of Policy Management and Inmate Appeals has records of only five appeals filed by the Plaintiff during the time in question. ECF No. 28-1 at 4-5. All five were returned without action for failure to follow the grievance procedure. *Id.* at 6-13. Four appeals pertained to law library access or copying services. These appeals were returned because Plaintiff did not initiate his grievance at the institutional level. There is no record at all that Plaintiff filed any kind of appeal for excessive use of force or retaliation. *Id.*

At the institutional level, Plaintiff's file is similar. There are no records of any informal or formal grievances for excess force or retaliation. ECF No. 28-2 at 1-7 (Declaration of Susan Davis, Correctional Services Assistant Administrator at Florida State Prison). Plaintiff's informal grievances

concerning access to the law library were denied, and Plaintiff never submitted a formal grievance. Plaintiff's one formal grievance about copy issues at the law library pertains to Florida State Prison and not Mayo CI where the incident underlying the Complaint occurred. That grievance was returned without action because it was deemed too broad, general, or vague. *Id.* at 4-5.

Plaintiff's responses in opposition to the motion do not establish that he did, in fact, exhaust administrative remedies regarding the claims in the Complaint. Plaintiff restates the facts underlying his access-to-court claim. ECF No. 30. Plaintiff also argues that when an inmate files a grievance that is handled at the institutional level, it does not have to be appealed. As support, Plaintiff points to a grievance he filed regarding a "toilet issue" that was then remedied. Plaintiff lists grievance numbers that he claims pertained to "retaliation," but his list does not establish that the access-to-court and excessive-force claims underlying the Complaint were properly exhausted. *See* ECF No. 31.

Thus, at the first step of the *Turner* analysis, Plaintiff has failed to point to facts that controvert the Defendants' evidence showing that he did not complete the administrative remedy process with respect to any of the claims asserted in the Complaint. *See Turner*, 541 F.3d at 1082

(Court first examines the factual allegations in the motion to dismiss and those in the plaintiff's response, "*and if they conflict*, takes plaintiff's version of the facts as true.") (emphasis added). On this record, it is clear that Defendants have met their burden of proving that Plaintiff failed to exhaust his administrative remedies, and that Defendants' motions to dismiss for failure to exhaust are due to be granted. *See id.* (if, after viewing any conflicting facts in Plaintiff's favor, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, "it must be dismissed."). It is therefore unnecessary to the Court's resolution of the motions to move beyond the first *Turner* step because there are no "disputed factual issues related to exhaustion." *Id.*; *Whatley*, 802 F.3d at 1213.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 28, should be **GRANTED** for failure to exhaust administrative remedies before filing the Complaint.

**IN CHAMBERS** this 17th day of October 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.